UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 12 2008
Mar 12, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FLOYD JORDAN, )
)
Plaintiff, ) Case Number
)
v. )
)
PATRICK JENNINGS, )
AGENCY REPRESENTATIVE )
OFFICE OF PERSONNEL MANAGEMENT )
)
Defendant, )
)
LINDA SPRINGER, )
DIRECTOR
OFFICE OF PERSONNEL MANAGEMENT

Defendant. )
)
)

**08CV1476
JUDGE KENDALL
MAG. JUDGE COLE**

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Plaintiff, Floyd Jordan, complains of the Defendants, Patrick Jennings and Linda Springer, Office of Personnel Management, herein after, OPM as follows:

### JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to a decision from the United States of America Merit System Protection Board, herein after, MSPB as follows:

The decision was received via certified mail on February 19, 2008. The order states that I may file a civil action on both my claim of discrimination and other claims in a United States District Court, 5 U.S.C. § 7703 (b) (2) no later than 30 calendar days after my

-2-

receipt of the order. My complaint is being timely filed.

This action is also authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq (herein after called "Title VII") and the Age Discrimination in Employment Act of 1967 as amended, Title 29, Section 621, et seq (herein after referred to as the ADEA).

2. That all acts of discrimination alleged herein were committed and venue is proper pursuant to the MSPB decision received via certified mail on February 19, 2008.

## PARTIES

3. That at all time relevant herein, Plaintiff Jordan is a Black, male over the age of 40 and at all times material to the averments of this Complaint, was a resident of Cook County, Illinois.

4. That Defendant OPM is a federal agency.

5. That at all times, material to the averments of this Complaint, Plaintiff Jordan is a civil service employee whose employee benefits are based on his employment as a civil service employee. The Defendant, OPM administers the civil service retirement program.

## ADMINISTRATIVE PROCEDURES

6. That on or about August 29, 2007 Plaintiff Jordan filed a timely petition for review with the MSPB. In Plaintiff Jordan's petition, Plaintiff informed the Board that he was a senior citizen and requested an alternate platform for a hearing, based on special needs due to his age and physical condition. Plaintiff's request was never granted and the issues in a hearing were never litigated.

-3-

7. The Plaintiff is seeking his civil service retirement based on age, service, and his military experience.

8. Plaintiff Jordan's military experience was verified by his employing agency. The employing Agency, upon Plaintiff's return from uniform service, listed Plaintiff Jordan as a veteran, (see exhibit #1) Agency Personnel Form 50.

9. Plaintiff Jordan was eligible for an "Early Out" retirement program in 1992, which was approved by the Office of Personnel Management.

10. The Plaintiff's Enter on Duty date was incorrectly calculated as February 15, 1975. If the Agency had correctly calculated October 16, 1968, which is Plaintiff's correct start date, Plaintiff would have earned six years and four months Military credit, from October 16, 1968, (see exhibit #2) Agency Letter.

11. With the corrected start date of October 16, 1968, Plaintiff would have had thirty years of service with his employing agency, USPS in 1992 and would have been able to retire in 1992 with the Early Out Program.

12. Plaintiff Jordan was never offered or advised of this retirement option, and Plaintiff wants to be offered this retirement option retroactively, (see exhibit #3).

13. There are five categories of retirement benefits under the Civil Service Retirement System (CSRS). The Plaintiff was eligible for an immediate retirement benefit prior to leaving his former employer in 1994, thus he was eligible for his annuity.

14. The Plaintiff was eligible for his annuity at age 55 under CSRS law.

15. The Plaintiff was eligible for his annuity at age 60 under CSRS law.

16. With Plaintiff's military credit, he qualified for all of these eligibilities, not just for his eligibility at age 62.

-4-

17. On April 4, 2006, OPM denied Plaintiff's request for his retirement annuity.

18. OPM stated, because Plaintiff had 25 years of service and was 45 years of age at the time of Plaintiff's separation, Plaintiff was not eligible for an annuity, (see exhibit #4).

19. OPM later rescinded this decision, and gave no reason for their action.

20. Civil service law states that with 25 years of service, age is not a factor and as such, Plaintiff Jordan should be awarded his retirement.

21. Plaintiff Jordan was not treated fairly and, Plaintiff should have been awarded his retirement by law.

22. The Defendants have not credited the Plaintiff's military experience and service as an employee. The reasons for denial of the Plaintiff's retirement benefits are wrong and pretextual.

**WHEREFORE**, the Plaintiff, Floyd Jordan, requests the judgment of this Court against the Defendant OPM as follows:

A. Order that the Plaintiff be awarded retirement benefits as offered in the 1992 "Retirement-Special Option Early Out Retirement" package, along with interest previously referred to in this complaint;

B. Award the Plaintiff compensatory damages in an amount to be determined at the trial in this matter;

C. Award the Plaintiff any attorney fees, including litigation expenses and the costs of this action;

D. Award the Plaintiff punitive damages;

E. Grant such other relief as may be just and proper.

-5-

### JURY REQUEST

The Plaintiff, hereby request a trail by jury on all issues, pursuant to Rule 38 of the Federal rules of Civil Procedure.

Respectfully submitted,

*Floyd Jordan*
Floyd Jordan, Plaintiff

Floyd Jordan
8037 S. Champlain Ave.
Chicago, Illinois 60619
(773) 470-6164

# NOTIFICATION OF PERSONNEL ACTION

1A161541
339/42/6126 05

| Field | Value |
|---|---|
| 1-NAME (CAPS) LAST-FIRST-MIDDLE | JORDAN FLOYD |
| 2-MR.-MISS-MRS. | MR |
| 3-BIRTH DATE | 06/04/48 |
| 4-SOCIAL SECURITY NO. | 339/42/6126 |
| 5-VETERAN PREFERENCE | 2 |
| 6-TENURE GROUP | |
| 7-SERVICE COMP. DATE | 10/16/68 |
| 9A-FEGLI | 1 |
| 9B-FEGHBP | 1 |
| 10-RETIREMENT | 1 |
| 12-NATURE OF ACTION CODE | 702 PROMOTION |
| 13-EFFECTIVE DATE | 02/12/77 |
| 14-LEGAL AUTHORITY | 39 USC 1001 |

**15-FROM: POSITION TITLE:** MAIL HANDLER FULL TIME
POSITION NO. KP-08
PAY PLAN: PS  OCCUPATION CODE: 231501XX  LEVEL: 04  STEP: 12  SALARY: PAF $14288

**20-TO: POSITION TITLE:** FOREMAN MAILS
PAY PLAN: PM  OCCUPATION CODE: 23156002  LEVEL: 15  STEP: 01  SALARY: PAF $14426

**24-NAME AND LOCATION OF EMPLOYING OFFICE:**
CHICAGO BULK MAIL CENTER
FOREST PARK, IL
FINANCE NO. 16 1541

**25-DUTY STATION:** CHICAGO BMC 60130
**26-GSA LOCATION CODE:** 173100031

30-REMARKS:

CONTINUOUSLY DETAILED TO NEXT HIGHER LEVEL SINCE 12/04/76

31-DATE OF APPOINTMENT AFFIDAVIT: 8031 S Champlain 60619

33-CODE EMPLOYING DEPARTMENT OR AGENCY: PO 02  U.S. POSTAL SERVICE

34-SIGNATURE AND TITLE: REGIONAL POSTMASTER GENERAL



CENTRAL ILLINOIS DISTRICT

**UNITED STATES POSTAL SERVICE**

August 15, 2000

Albert F. Ferolie
Attorney At Law
218 North Jefferson Street
Suite 401
Chicago, IL 60661-1121

Subject: Floyd Jordan

Dear Attorney Ferolie:

This letter is in response to your letter to this office regarding Floyd Jordan, a former postal employee at the Joliet, Illinois Post Office.

We reviewed Mr. Jordan's employment history, and it shows that he was given credit for his Military service. We are forwarding a copy of Mr. Jordan's Personnel Action form when he resigned from the Postal Service. (See attachment #1)

This shows that Mr. Jordan was in fact credited with his Military service. This Personnel Action Form (PS Form 50) shows that Mr. Jordan entered on duty with the Postal Service effective February 15, 1975, and that he was given a Leave Computation and Retirement Computation Date of October 16, 1968 thus crediting him for his Military service.

Mr. Jordan's total Postal Service calculates to 23 years, 11 months and 14 days, which reflects the fact that he did not meet the criteria to qualify for Early Retirement, as he did not have 25 years of service, nor was he 50 years of age.

We are forwarding a copy of the list showing the employees who were eligible to retire in 1992. Mr. Jordan's name does not appear on this list. (See attachment #2)

Mr. Jordan's contention that he was unaware of the Early Out Retirement offered in 1992 is inaccurate, given the fact his own position of Manager, Mail Processing, which was an EAS-19 position was eliminated and he was placed into a Supervisor Distribution Operations position EAS-16, with a saved grade salary.

6801 W 73RD STREET
BEDFORD PARK, IL 60499

Page 2

We hope that we have clarified any questions Mr. Jordan may have had on the Early Retirement Option offered in October of 1992, and we hope this puts closure to this issue.

Sincerely,

*Josephine McClellan*

Josephine McClellan, PHR
Manager, Personnel Services

Attachment

cc:   Labor Relations

MANAGER HUMAN RESOURCES
6801 W 73RD ST
SOUTH SUBURBAN IL   60499-9998



August 7, 1992

SUBJECT: Retirement--Special Option, Early Out Eligibles

IMPORTANT: The information provided in this notice requires your immediate attention.

The Postmaster General recently announced the restructuring and downsizing of overhead functions at Headquarters, regional offices, field divisions, and management sectional centers. As a result of the restructuring, and in order to be as efficient as possible to keep our rates stable, it will be necessary to substantially reduce the number of paid employees in the Postal Service. In order to facilitate that process, the Postal Service has received Office of Personnel Management approval to offer early voluntary retirement to certain groups of employees.

According to payroll records, you are in an approved group and meet the age and service requirements to be eligible for this type of early voluntary retirement (i.e., age 50 or older with at least 20 years of service or any age with at least 25 years of service).

To take advantage of this early out option, your retirement must be effective during the window of opportunity approved by the Office of Personnel Management which commences August 17, 1992, and ends at the close of business October 3, 1992.

The purpose of this notice and the information enclosed is to inform you of this one-time early retirement option, to provide information to assist you in making your decision, and to advise you that the Postal Service will provide a lump sum payment equal to 6 months pay to employees who take advantage of this early out opportunity during the August 17 - October 3 window.

Enclosed is an estimate of the annuity you will receive if you retire on October 1, 1992. The annuity calculation uses age and creditable service based on your date of birth and retirement computation date. If you are covered by the Civil Service Retirement System (CSRS) and under age 55, your annuity reflects a 2 percent reduction for each year under age 55. If you are covered by the Federal Employees Retirement System (FERS) with a CSRS component and under age 55, the CSRS portion of your annuity is also reduced. There is no reduction to the FERS portion of the annuity. Also enclosed is a summary of the basic benefits available to you in retirement. More detailed brochures are available through your personnel office.

Please review your annuity estimate and the benefits summary so you will be able to make an informed decision. Any questions you may have will be answered by your personnel office. Note that the annuity estimate assumes that the retirement computation date and date of birth are correct and that you have contributions in the retirement fund to cover the total amount of service on the annuity printout. This information must be verified by your personnel office before processing a retirement application. Therefore, if you are considering taking advantage of the early out and question the accuracy of any of this information, contact your personnel office as soon as possible.

Your personnel office can provide you additional information, a retirement application, and counseling concerning your options under the retirement system. Please have this notice and enclosures with you when contacting your personnel office. Remember that in order to be eligible for the early out option, as well as the 6-month payment, your completed retirement application must be submitted to your personnel office no later than the close of business October 3, 1992.

Exhibit - 1

A29

August 7, 1992

## SUMMARY OF RETIREMENT BENEFITS

### HEALTH INSURANCE

If you have been covered under the Federal Employees Health Benefits (FEHB) Program for five years, you are eligible to carry your health insurance into retirement. Your health insurance plan will not change; however, your share of the premium payments will increase to the level paid by all other federal employees. This new premium payment is shown on your annuity printout. Due to the increase in your health insurance costs, you may want to change your plan during the open season this coming November. Any change will be effective January 1, 1993.

If you are not eligible to continue your coverage, you may convert to an individual policy or apply to continue your coverage under the FEHB Temporary Continuation of Coverage provisions.

### LIFE INSURANCE

If your basic and optional life insurance coverages under the Federal Employees Group Life Insurance (FEGLI) Program have been in effect for five years, you are eligible to continue these coverages into retirement. Basic and Option B-Additional insurance coverages are based on your basic salary at retirement. Option A-Standard is a flat $10,000. The accidental death and dismemberment (AD&D) coverage does not continue into retirement. See Pamphlet RI 76-20 (January 1991), available at your personnel office, for a detailed explanation of coverage and premium rates.

- BASIC COVERAGE: This coverage is equal to your basic salary, rounded upward to the next thousand, plus $2,000. You may elect to carry this insurance into retirement under one of 3 options. Currently you do not pay for this coverage, but if you elect to carry this into retirement, the cost will be withheld from your annuity check. The amount of this withholding will depend on which option you select. The options are full coverage up to age 65 and then reduced by (1) 75 percent, (2) 50 percent, or (3) no reduction. If you select the 75 percent reduction at age 65, you will not be required to pay premiums beyond age 65. However, if you select either the 50 percent or no reduction, you will be required to pay premiums until death or cancellation of coverage.

- OPTION A-STANDARD: This $10,000 coverage may be continued until age 65, after which it will be reduced by 2 percent per month until it reaches $2,500. The cost for this coverage will be withheld from your annuity check until age 65, after which withholdings cease.

- OPTION B-ADDITIONAL AND OPTION C-FAMILY: Both Option B and Option C coverages may be continued; however, the coverage will be reduced by 2 percent per month, starting at age 65, for 50 months at which time coverage ceases. The cost for this coverage will be withheld from your annuity check until age 65, after which withholdings cease.

### THRIFT SAVINGS PLAN

If you have a Thrift Savings Plan (TSP) account, you have four options available concerning the distribution of your TSP balance: (1) transfer your account balance to an Individual Retirement Account (IRA) or other eligible retirement plan; (2) receive a lump sum payment; (3) receive your account balance in equal monthly payments; or (4) purchase a life annuity. (Life annuity payments will begin about one month after your annuity is purchased.)

The type of withdrawal method you choose determines when you must pay income tax. The transfer of your TSP balance to an IRA or another eligible plan within 60 days delays your tax liability until you actually receive the monies. A single payment or a series of equal payments, including payments under a life annuity, are taxable during the year you receive payment. If you retire before the year in which you reach age 55 you must wait until you reach age 59 1/2 to withdraw your TSP balance to avoid being subject to the 10 percent "early withdrawal" penalty tax.

A30





United States
# Office of
# Personnel Management
Washington, DC 20415-0001

April 4, 2006

U 339426126

Floyd Jordan
8037 S. Champlain Ave.
Chicago, IL 60619

Dear Mr. Jordan:

This is in reply to your November 15, 2005, request for reconsideration of the initial decision of the Office of Personnel Management (OPM). This decision denied your request for an annuity under the Civil Service Retirement System because you did not meet the age and service requirements for civil service annuity benefits. For the reason(s) noted below, we affirm the initial decision.

## BACKGROUND

In review of your records, we find that began your Federal government career under a Career Appointment on October 16, 1968. Your Federal employment was briefly interrupted when you enlisted in the military. Your final payroll records indicate that your last day in payment was December 12, 1993, although your official payroll records denote a resignation action on September 16, 1994.

You have maintained that you are eligible for an annuity based on the circumstances of your departure from Federal service. OPM determined that you did not meet the age and service requirements for eligibility to an annuity and you requested reconsideration.

## ANALYSIS AND FINDINGS

OPM is charged with the administration of the Civil Service Retirement law and is expected to pay benefits as provided by law. Also, we are obligated under law and regulation to correct any error(s) in payment of benefits. The law which applies in your case is Section 8336(j) (1) of title 5, United States Code, which states in pertinent part:

> Except as provided in paragraph (3), an employee is entitled to an annuity if he-
> (A)(i) is separated from the service after completing 25 years of service or after becoming 50 years of age and completing 20 years of service.

    (ii) is involuntarily separated, except by removal for cause on charges of misconduct or delinquency, during the 2-year period before the date on which he would meet the years of service and age requirements under clause (i).

In review of your records we find that you had civilian service with the United States Postal Service commencing October 16, 1968. You separated from Federal civilian service to join the military on March 24, 1971 and returned to the Postal Service on August 2, 1971. Your agency indicated that your last day in payment was December 12, 1993. Therefore, we find that you had 25 years of creditable service at the time of your separation from Federal employment, however you were age 45 at the time of your separation. Thus, we find that you are not eligible for an annuity based on age and service.

You and your lawyer maintain that you were separated from Federal employment due to coercion and you were provided with false information regarding your eligibility to receive retirement benefits. It is unfortunate that your employing office misinformed you. While we sympathize with your circumstances, OPM has not been given any administrative discretion in the application of this statue. Further, the U.S. Supreme Court determined in *Richmond v. OPM* that despite agency misinformation an employee is not entitled to any benefits not specifically provided for in law or statute.

In your request for reconsideration you have provided a document indicated that you and your agency reached a Settlement Agreement through the Merit Systems Protection Board. We do not find in your records a change in personnel action or any other documentation showing that you resignation was other then voluntary.

We have determined that because you do not meet the age and service requirements you are not eligible for annuity under the CSR law. The initial decision is affirmed.

## APPEAL RIGHTS

This constitutes the final decision of OPM. You have the right to appeal to the Merit Systems Protection Board (MSPB). We are enclosing a package that contains 1) MSPB regulations; 2) MSPB office locations, and 3) an MSPB application form providing filing instructions. **Please note that an appeal must be filed within 30 calendar days after the date of this decision, or 30 days after receipt of this decision, whichever is later.**

                              Sincerely,

                              C. J. Barkley, Legal Administrative Specialist
                              Disability, Reconsideration and Appeals Group

Enclosure
Cc: Albert F. Ferolie

2