

UNITES STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLOYD JORDAN,

    Plaintiff

v.

PATRICK JENNINGS,
AGENCY REPRESENTATIVE
OFFICE OF PERSONNEL MANAGEMENT

    Defendant,

LINDA SPRINGER,
DIRECTOR
OFFICE OF PERSONNEL MANAGEMENT

    Defendant.

Case Number: 08C 1476

Honorable Virginia M. Kendall

FILED

MAY 2 0 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### INITIAL STATUS REPORT

#### INTRODUCTION AND SUMMARY OF FACTS

    The Plaintiff, Floyd Jordan has advised all parties of the notification of Docket entry by the Clerk for the Joint Status Report. The Defendants have not responded. The Defendants also have not filed an answer to the complaint after service of the Summons.

    The Plaintiff is seeking a Judgment by Default for the relief demanded in the complaint, and is submitting the following initial status report.

1. **The attorney of record for each party including the attorney(s) expected to try the case;**

    Floyd Jordan, Pro Se Plaintiff.

    Assistant United States Attorney, Kurt N. Lindland, submitted by U.S. Mail an attorney designation, but has not filed an appearance motion or a responsive pleading.

-2-

**2. The basis for federal jurisdiction;**

This suit is brought and jurisdiction lies pursuant to a decision from the United States of America Merit System Protection Board, herein after, MSPB as follows:

The decision was received via certified mail on February 19, 2008. The order states that I may file a civil action on both my claim of discrimination and other claims in a United States District Court, 5 U.S.C. § 7703 (b) (2) no later than 30 calendar days after my receipt of the order. My complaint is being timely filed.

This action is also authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 200e et seq (herein after called "Title VII") and the Age discrimination in Employment Act of 1967 as amended, Title 29, Section 621, et seq (herein after referred to as the ADEA).

That all acts of discrimination alleged herein were committed and venue is proper pursuant to the MSPB decision received via certified mail on February 19, 2008.

**3. The nature of the claims asserted in the complaint and any expected counterclaim;**

That all time relevant herein, Plaintiff Jordan is a Black male over the age of 40 and at all times material to the averments of this Complaint, was a resident of Cook County, Illinois.

That Defendant, Office of Personnel Management is a federal agency.

That at all times, material to the averments of this Complaint, Plaintiff Jordan is a civil service employee whose employee benefits were based on his employment as a civil service employee. The Defendant, Office of Personnel Management, administers the civil service retirement program.

**4. The name of any party not yet served and the circumstances regarding non-service;**

All parties have been served.

**5. The principal legal issues;**

That on or about August 29, 2007, Plaintiff Jordan filed a timely petition for review with the MSPB. In Plaintiff Jordan's petition, Plaintiff informed the Board that he was s senior citizen and requested an alternate platform for a hearing, based on special needs due to his age

-3-

and physical condition. Plaintiff's request was never granted and the issues in a hearing were never litigated, for Plaintiff's eligibility for his civil service retirement.

**6. The principal legal issues;**

1. The Plaintiff is seeking his civil service retirement based on age, service, and his military experience.
2. Plaintiff Jordan's military experience was verified by his employing agency. The employing agency, upon Plaintiff's return from uniform service, listed Plaintiff Jordan as a veteran.
3. Plaintiff Jordan was eligible for an "Early Out" retirement program in 1992, which was approved by the Office of Personnel Management.
4. The Plaintiff's enter on duty date was incorrectly calculated as February 15, 1975. If the agency had correctly calculated October 16, 1968, which is Plaintiff's correct start date, Plaintiff would have earned six years and four months Military credit, from October 16, 1968.
5. With the corrected start date of October 16, 1968, Plaintiff would have had thirty years of service with his employing agency, USPS in 1992 and would have been able to retire in 1992 with the "Early Out" retirement program.
6. Plaintiff Jordan was never offered or advised of this retirement option, and Plaintiff wants to be offered this retirement option retroactively.
7. There are five (5) categories of retirement benefits under the Civil Service Retirement System (CSRS). The Plaintiff was eligible for an immediate retirement benefit prior to leaving his former employer in 1994, thus he was eligible for his annuity.
8. The Plaintiff was eligible for his annuity at age 55 under CSRS law.
9. The Plaintiff was eligible for his annuity at age 60 under CSRS law.
10. With Plaintiff's military credit, he qualified for all of these eligibilities, not just for his eligibility at age 62.
11. On April 4, 2006, OPM denied Plaintiff's request for his retirement annuity.
12. OPM stated, because Plaintiff had 25 years of service and was 45 years of age at the time of Plaintiff's separation, Plaintiff was not eligible for an annuity.

-4-

13. OPM later rescinded this decision and gave no reason for their action.

14. Civil service law states that with 25 years of service, age is not a factor and as such, Plaintiff Jordan should be awarded his retirement.

15. Plaintiff Jordan was not treated fairly and, Plaintiff should have been awarded his retirement by law.

16. The Defendants have not credited the Plaintiff's military experience and service as an employee. The reasons for denial of the Plaintiff's retirement benefits are wrong and pretextual.

**7. Whether a jury trial is expected by either party;**

The Plaintiff, hereby request a trail by jury on all issues, pursuant to Rule 38 of the Federal rules of Civil Procedure.

**8. A short description of any discovery undertaken to date and any anticipated in the future;**

No discovery has been taken. The anticipated discovery will be deposition(s), request to admit, and interrogatory.

**9. The earliest date the parties will be ready for trial and the length of the trial;**

A default judgment is requested against the Defendant, as the Defendant did not answer the complaint and the summons.

Wherefore, the Plaintiff, Floyd Jordan, requests the judgment of this Court against the Defendant OPM as follows:

A. Order that the Plaintiff be awarded retirement benefits as offered in the 1992 "Retirement-Special Option Early Out Retirement" package, along with interest previously referred to in this complaint;

B. Award the Plaintiff compensatory damages in an amount to be determined at the trial in this matter;

C. Award the Plaintiff any attorney fees, including litigation expenses and the costs of this action;

D. Award the Plaintiff punitive damages;

E. Grant such other relief as may be just and proper.

-5-

10. **Whether the parties unanimously consent to proceed before the Magistrate Judge;**

   The Plaintiff has no objections.

   The Defendant did not respond.

11. **The status of any settlement discussions and whether the parties request a settlement conference.**

   The Plaintiff is available for settlement.

   The Defendant has not responded.

Respectfully submitted,

*Floyd Jordan*

Floyd Jordan, Plaintiff

Floyd Jordan
8037 S. Champlain Ave.
Chicago, Illinois  60619
(773) 470-6164

## **CERTIFICATE OF SERVICE**

I, Floyd Jordan, Plaintiff, hereby certify that the foregoing Defendant Patrick Jennings and Linda Springer, Motion for a Default Judgment and the Initial Status Report, has been served upon the following:

Patrick Jennings, Agency representative
Office of Personnel Management
Retirement Group, CE & FS Policy
1900 E Street N.W., Room 4351
Washington, DC 20415

Linda Springer, Director
Office of Personal Management
Theodore Roosevelt Federal Building
1900 E Street, N.W.
Washington, DC 20415-0001

By Certified Mail this 20 day of May, 2008.

_____
Floyd Jordan