UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 C 1476 |
| PATRICK JENNINGS, Agency | ) | |
| Representative, Office of Personnel | ) | |
| Management, in his official capacity, and | ) | Judge Kendall |
| LINDA SPRINGER, Director, Office of | ) | |
| Personnel Management, in her official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

### Introduction

Plaintiff Floyd Jordan, a former Postal Service employee, appeals a decision by the Merit Systems Protection Board ("MSPB"), claiming that the Office of Personnel Management erred in calculating his years of government service when it denied his application for a retirement annuity. He also alleges jurisdiction under Title VII of the Civil Rights Act, and under the Age Discrimination in Employment Act.

The court should dismiss the complaint because Jordan's claims are really an appeal of the MSPB decision on the non-discrimination claim which can only be heard by the Federal Circuit, not the District Court. His complaint is not a "mixed case" of discrimination and non-discrimination claims, which would ordinarily be heard in the District Court, because he alleges no facts or specific allegations to support a claim of discrimination. Accordingly, the court should dismiss the complaint for lack of subject matter jurisdiction.

**Facts**

_____Floyd Jordan worked for the U.S. Postal Service beginning in 1968, and separated from the agency in March 1971 to join the military.  Complaint at exhibit 4, p. 2.  A few months later, in August 1971, he returned to the Postal Service where he worked as a supervisor until he left permanently in 1994 as part of a settlement related to his removal.  Complaint, ¶ 10, 11; MSPB Dec. at 4, Ex. 1.[1]     In July 2005, Jordan applied to the Office of Personnel Management ("OPM") for a retirement annuity under the Civil Service Retirement System, claiming he was entitled to "discontinued service retirement."[2]  MSPB Dec. at 4, Ex. 1.  OPM denied Jordan's application because he did not meet the eligibility requirements due to the number of years he had in the government.  Complaint at exhibit 4, p. 2; MSPB Dec. at 4, Ex. 1.

Jordan filed a claim with the MSPB in August 2007 arguing that OPM made a mistake when they calculated his years of service by not including his pre-military time that went back to 1968.  Complaint, ¶¶ 8 - 12.  Jordan also claimed that OPM's decision to deny his annuity application was based on race and age discrimination.  MSPB Dec. at 4, Ex. 1.

---

[1]  *See National Transportation Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)(court may consider evidence outside the pleadings in order to determine whether it has subject matter jurisdiction).

[2]  Apparently, "discontinued service" occurs when an employee is involuntarily separated from the Postal Service.  Complaint at exhibit 2, p. 5.  Jordan seems to contend that when he entered into an agreement with the Postal Service regarding his removal in 1994, the agreement did not specifically state that his separation was "voluntary," and that therefore OPM should have assumed that his separation was "involuntary" which would have placed him in the "discontinued service" category for purposes of calculating his annuity.  MSPB Dec. at 6, Ex. 1.

The MSPB initially denied Jordan's claim and upheld OPM's denial of his annuity application. Jordan appealed to the full MSPB board, which upheld and modified[3] the initial decision in February 2008 affirming OPM's denial of Jordan's annuity application. MSPB Dec., Ex. 1. Jordan filed this timely complaint appealing the MSPB decision.

## Argument

### 1. No Jurisdiction Over MSPB Appeal

Jordan pursued his claim through the MSPB[4] under the Civil Service Reform Act ("CSRA"), which is the "comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." *Ayrault v. Pena,* 60 F.3d 346, 347 (7th Cir. 1995); *see Bush v. Lucas*, 462 U.S. 367, 369 (1983)*; Robbins v. Bentsen*, 41 F.3d 1195, 1202 (7th Cir. 1994); *Ellis v. United States Postal Service*, 784 F.2d 835, 840 (7th Cir. 1986). The CSRA provides for an "integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *United States v. Fausto*, 484 U.S. 439, 445 (1988).

The general rule for claims under the CSRA is that the Federal Circuit has exclusive jurisdiction, pursuant to 5 U.S.C. § 7703(b)(1), following exhaustion of administrative remedies before the MSPB.

---

[3] The modification was a finding that the administrative law judge should not have advised Jordan that the MSPB lacked jurisdiction over his discrimination claim and that, regardless, the error did not prejudice Jordan since, as a matter of law, there is no discretion to modify the annuity computation formula, and therefore no discrimination could have occurred. MSPB Dec., Ex. 1.

[4] When a federal employee challenges an agency employment action based on non-discrimination and on discrimination grounds, which is known as a "mixed case," the employee can either pursue their claims through the MSPB, or the agency's equal employment opportunity office, but not both. 29 C.F.R. § 1614.302(a)(1) and (2).

3

*See Lindahl v. Office of Personnel Management*, 470 U.S. 768 (1985); *United States v. Fausto*, 484 U.S. 439 (1988).

Jordan's claim for retirement benefits is a claim under CSRA and was properly heard before the MSPB. *See* 5 U.S.C. §§ 8337, 8347(c)-(d); 5 C.F.R. § 831.1201 *et seq*. Therefore, since his appeal of the MSPB decision can only be heard in the Federal Circuit, this court lacks subject matter jurisdiction over his claim unless his case fits within the "mixed case" exception, which it does not.

### 2. Mixed Case Exception

The exception to the general rule that only the Federal Circuit has exclusive jurisdiction over MSPB appeals is for "mixed case appeals," which are "appeals filed with the MSPB that allege that an appealable agency action was effected, in whole, or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap, or age." 29 C.F.R. § 1614.302(a)(2). *Davis v. Potter*, 301 F.Supp. 2d. 850, 857 (N.D. Ill. 2004). In such cases, where an appellant before the MSPB has raised both discrimination and non-discrimination issues in his appeal, the Federal Circuit lacks jurisdiction to review the MSPB's decision and jurisdiction lies in the district courts pursuant to 5 U.S.C. § 7703(b)(2). *See* 5 U.S.C. § 7703(b)(2); *Randle v. Bentsen*, 19 F.3d 371, 373 (7th Cir.1994); *Barnes v. Small*, 840 F.2d 972, 979 (D.C.Cir.1988); *Romain v. Shear*, 799 F.2d 1416, 1420-21 n. 1 (9th Cir.1986); *Blake v. Department of Air Force*, 794 F.2d 170, 172 (5th Cir.1986); *Doyal v. March*, 777 F.2d 1526, 1535 (11th Cir. 1985); *Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244, 1245 (Fed.Cir.1984); *Meehan v. United States Postal Service*, 718 F.2d 1069, 1073-74 (Fed.Cir.1983); *Williams v. Department of Army*, 715 F.2d 1485, 1487 (Fed.Cir.1983); *Christo v. Merit Systems Protection Board*, 667 F.2d 882 (10th Cir.1981).

Whether a plaintiff has properly presented a mixed claim sufficient to confer such jurisdiction is determined on a case-by-case basis. *Blake,* 794 F.2d at 173; *Meehan*, 718 F.2d at 1073-74.  At a minimum, merely pleading discrimination does not transform a claim properly before the Federal Circuit into a claim cognizable in a federal district court.  *Hill v. Department of Air Force*, 796 F.2d 1469, 1471 (Fed. Cir.1986).  As the *Hill* court found, "[i]t was plainly not the intent of Congress to enable manipulation of . . . jurisdiction by the mere mention of discrimination in a petition for review."  *Id.* at 1471.

Here, Jordan did exactly what the *Hill* court cautions against — merely pleading discrimination in an attempt to make this a "mixed case."  A review of his complaint shows that this case has nothing to do with discrimination, as Jordan is seeking review of whether OPM properly calculated his years of government service using the annuity computation formulas enacted by Congress.  *See* MSPB Dec. at 6, Ex. 1.

Furthermore, Jordan alleges no set of facts to support even the bare minimum of a *prima facie* discrimination case.  The only reference he makes to discrimination is a "mere mention" in the jurisdiction paragraphs 1 and 2 of the discrimination statutes, which is not enough to make this a "mixed case."   *Hill*, 796 F.2d at 1471. Besides, as the MSPB appeal board found, "as a matter of law, the retirement statutes allow for no discretion on the part of OPM in determining an individual's entitlement to an annuity . . . and in the absence of discretion, there can be no improper discrimination."  MSPB Dec. at 5 - 6, Ex. 1.  In any event, this is not a "mixed case"  and the court should therefore dismiss the complaint for lack of subject matter jurisdiction.

**Conclusion**

For the reasons set forth above, the court should dismiss the complaint.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 353-4163
    kurt.lindland@usdoj.gov

# Exhibit 1

Westlaw.

108 M.S.P.R. 119
108 M.S.P.R. 119, 2008 MSPB 31
(Cite as: 108 M.S.P.R. 119)

Page 1

Jordan v. Office of Personnel Management
MSPB,2008.

Merit Systems Protection Board.
Floyd G. JORDAN, Appellant,
v.
OFFICE OF PERSONNEL MANAGEMENT, Agency (E 2 00 616 423).
No. CH-0831-07-0398-I-1.

Feb. 11, 2008.

**Background:** Appellant petitioned for review of initial decision that affirmed final decision of the Office of Personnel Management (OPM) denying his application for a discontinued service retirement annuity under the Civil Service Retirement System (CSRS).

**Holdings:** The Merit Systems Protection Board held that:
<u>(1)</u> administrative judge (AJ) erred by informing appellant that the Board lacked jurisdiction to consider his discrimination claims and by not adjudicating his claims, but error was not prejudicial;
<u>(2)</u> appellant was collaterally estopped from arguing that his resignation was involuntary for purposes of entitlement to discontinued service annuity; and
<u>(3)</u> appellant's resignation under the terms of the settlement agreement in his removal appeal did not support a right to an annuity under discontinued annuity statute applicable when an employee is separated from the service voluntarily.

Petition granted; affirmed as modified.

West Headnotes

**[1] Merit Systems Protection 450 ⟡63.5**

<u>450</u> Merit Systems Protection
    <u>450II</u> Jurisdiction
        <u>450II(C)</u> Actions Taken
            <u>450II(C)1</u> In General
                <u>450k63</u> Discrimination in General
                    <u>450k63.5</u> k. In General. <u>Most Cited Cases</u>
Congress has expressly mandated that the Board render a decision on allegations of discrimination raised in conjunction with otherwise appealable actions. <u>5 U.S.C.A. § 7702(a)(1)</u>.



© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

108 M.S.P.R. 119                                                                Page 2
108 M.S.P.R. 119, 2008 MSPB 31
**(Cite as: 108 M.S.P.R. 119)**


**[2] Merit Systems Protection 450 &#8986;63.5**

<u>450</u> Merit Systems Protection
    <u>450II</u> Jurisdiction
        <u>450II(C)</u> Actions Taken
            <u>450II(C)1</u> In General
                <u>450k63</u> Discrimination in General
                    <u>450k63.5</u> k. In General. <u>Most Cited Cases</u>


**Merit Systems Protection 450 &#8986;471**

<u>450</u> Merit Systems Protection
    <u>450VI</u> Board Procedures
        <u>450k468</u> Review by Full Board
            <u>450k471</u> k. Reversible or Harmless Error; Prejudice. <u>Most Cited Cases</u>
Where appellant sought Board review of final decision of the Office of Personnel Management (OPM) denying him a discontinued service retirement annuity, administrative judge (AJ) erred by informing him that the Board lacked jurisdiction to consider his discrimination claims and by not adjudicating his claims, as claims were raised in conjunction with otherwise appealable action; however, AJ's error did not prejudice appellant's substantive rights where appellant did not identify any act by OPM in which OPM could exercise discretion and, feasibly, engage in prohibited discrimination against him.


**[3] Merit Systems Protection 450 &#8986;311**

<u>450</u> Merit Systems Protection
    <u>450IV</u> Appealable Actions
        <u>450IV(D)</u> Retirement
            <u>450IV(D)2</u> Other Retirement; Legal Retirement
                <u>450k311</u> k. In General. <u>Most Cited Cases</u>
As a matter of law, the retirement statutes allow for no discretion on the part of the Office of Personnel Management (OPM) in determining an individual's entitlement to an annuity and in following the annuity computation formulas enacted by Congress, and, in the absence of discretion, there can be no improper discrimination.


**[4] Merit Systems Protection 450 &#8986;6**

<u>450</u> Merit Systems Protection
    <u>450I</u> In General
        <u>450k5</u> Decisional Authority; Stare Decisis and Retroactive Effect
            <u>450k6</u> k. Collateral Estoppel and Res Judicata. <u>Most Cited Cases</u>
Appellant was collaterally estopped from arguing that his resignation was involuntary for

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

108 M.S.P.R. 119                                                                                    Page 3
108 M.S.P.R. 119, 2008 MSPB 31
**(Cite as: 108 M.S.P.R. 119)**

purposes of entitlement to discontinued service annuity, where issue of whether he voluntarily resigned from agency under settlement agreement reached in his removal appeal was actually litigated in his former appeals of that matter and was necessary to the resulting judgment in those appeals. 5 U.S.C.A. § 8336(d)(1).

**[5] Merit Systems Protection 450 ⚭311**

450 Merit Systems Protection
    450IV Appealable Actions
        450IV(D) Retirement
            450IV(D)2 Other Retirement; Legal Retirement
                450k311 k. In General. Most Cited Cases
Appellant's resignation under the terms of the settlement agreement in his removal appeal did not support a right to an annuity under discontinued annuity statute applicable when an employee is separated from the service voluntarily because he was not separated under the conditions set forth in statute. 5 U.S.C.A. § 8336(d)(2).

**[6] Merit Systems Protection 450 ⚭446**

450 Merit Systems Protection
    450VI Board Procedures
        450k445 Hearing
            450k446 k. Right; Waiver. Most Cited Cases
Administrative judge did not abuse her discretion by denying appellant's request for an in-person evidentiary hearing and adjudicating case on the written record, where appeal did not present any genuine issues of material fact and appellant did not show good cause for his failure to appear for scheduled telephonic hearing on three separate occasions.

**\*120** Floyd G. Jordan, Chicago, Illinois, pro se.
Patrick Jennings, Washington, D.C., for the agency.

Before Neil A.G. McPhie, Chairman, Mary M. Rose, Vice Chairman, Barbara J. Sapin, Member.

### *OPINION AND ORDER*

¶ 1 The appellant has filed a petition for review of the initial decision that affirmed the final decision of the Office of Personnel Management (OPM) denying his application for a discontinued service retirement annuity under the Civil Service Retirement System (CSRS). For the reasons discussed below, we GRANT the appellant's petition for review under 5 C.F.R. § 1201.115 and AFFIRM the initial decision as MODIFIED by this Opinion and Order, STILL AFFIRMING OPM's **\*121** final decision denying the appellant a discontinued service retirement annuity.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

108 M.S.P.R. 119                                                              Page 4
108 M.S.P.R. 119, 2008 MSPB 31
**(Cite as: 108 M.S.P.R. 119)**

## *BACKGROUND*

¶ 2 The appellant separated from his supervisory position with the U.S. Postal Service (USPS) effective September 16, 1994, pursuant to a settlement agreement entered into by the parties in his appeal of his removal. Initial Appeal File (IAF), Tab 8, Subtab 2 at 1, Subtab 6 at 8. On July 18, 2005, the appellant applied to OPM for an immediate retirement annuity under the CSRS and asserted that he was entitled to a discontinued service retirement. *Id.*, Subtab 6 at 2, Subtab 5 at 2-3. OPM issued an initial decision on October 25, 2005, that denied the appellant's application for an immediate retirement annuity and informed him of the eligibility requirements for a deferred annuity. *Id.*, Subtab 3 at 6-7, Subtab 4 at 1.

¶ 3 The appellant requested reconsideration of OPM's initial decision, and OPM issued a final decision on April 4, 2006, affirming its initial decision. IAF, Tab 1, Attachment, Tab 8, Subtab 3 at 3. OPM then rescinded its April 4, 2006 final decision, and issued a new final decision dated March 21, 2007, still affirming its initial decision and denying the appellant's application for a discontinued service retirement annuity. IAF, Tab 8, Subtab 2 at 1-2, Tab 15 at 2. The March 21, 2007 final decision further informed the appellant that, in so far as he and his attorney were asserting that he was misinformed by the USPS concerning his eligibility for an immediate annuity, OPM is estopped from paying "benefits not authorized by statute to an individual even if based upon misinformation from the government." IAF, Tab 8, Subtab 2 at 2.

¶ 4 The pro se appellant filed an appeal of OPM's March 21, 2007 final decision with the Board. IAF, Tab 1 at 1-2. In his appeal and subsequent pleadings, the appellant asserted that: He is entitled to a discontinued service retirement annuity based on his alleged involuntary resignation in 1994 and the failure of the USPS to properly offer him an early-out retirement in 1992; OPM's actions are based on age and race discrimination; and the Board should issue a decision that provides him with notice of mixed-case appeal rights so that he can pursue his discrimination claims in a U.S. district court. IAF, Tab 1 at 1-2, Tab 5 at 1-2, Tab 11 at 1-5, Tab 23 at 5-9. The appellant requested a hearing in his appeal. IAF, Tab 5 at 2, Tab 9 at 1.

¶ 5 Because the appellant failed to appear on three occasions for his requested hearing, the administrative judge issued an initial decision (ID) based on the written record that affirmed OPM's final decision. IAF, Tab 24(ID) at 2 & n. 1, 6. The administrative judge found that **\*122** the appellant did not qualify for a discontinued service retirement annuity under 5 U.S.C. § 8336(d). ID at 4-5.

¶ 6 The appellant has filed a petition for review asserting, inter alia, that the administrative judge erred by: not finding that he is entitled to a discontinued service retirement annuity; not considering his discrimination claims below and not providing him with notice of mixed-case appeal rights; and denying him an in-person hearing. Petition for Review File (PFRF), Tab 1 at 1-8. OPM responds in opposition to the appellant's petition for review.[FN1] PFRF, Tab 3.

    FN1. The appellant has moved to vacate OPM's response to his petition for review based

108 M.S.P.R. 119                                                           Page 5
108 M.S.P.R. 119, 2008 MSPB 31
**(Cite as: 108 M.S.P.R. 119)**

on his assertion that it was untimely filed and failed to address his assertions on review.
PFRF, Tab 4. We deny the appellant's motion because the record establishes that OPM's
response was timely filed. PFRF, Tabs 2, 3; *see* 5 C.F.R. § 1201.114(d). Further, because
a party's response to a petition for review is discretionary, OPM is not required to submit
a response, much less respond substantively to the appellant's assertions on review.
PFRF, Tab 2; *see* 5 C.F.R. § 1201.114(d).

*ANALYSIS*

*The administrative judge erred by not considering the appellant's discrimination claims, but*
*because OPM correctly applied the statutory criteria set forth in 5 U.S.C. § 8336(d) to deny the*
*appellant's application for a discontinued service retirement annuity, there was no act by OPM*
*that could be shown to be discriminatory.*

¶ 7 The appellant asserted below that OPM's denial of his application for a discontinued service
retirement annuity was due, in part, to age and race discrimination, and he requested that the
Board provide him with mixed-case appeal rights. IAF, Tab 1 at 1-2, Tab 5 at 2, Tab 11 at 1, 4.
The administrative judge informed the appellant that he would not receive notice of mixed-case
appeal rights because the Board only has jurisdiction over discrimination claims where
discrimination is the basis for the adverse personnel action being appealed, and the appellant's
appeal "does not involve a personnel action otherwise appealable to the Board under some law,
rule, or regulation." IAF, Tab 15 at 3 n. 1; ID at 3 n. 2. The appellant objected to this ruling
below. IAF, Tab 23 at 5, 7.

[1][2] ¶ 8 Congress has expressly mandated at 5 U.S.C. § 7702(a)(1) that the Board render a
decision on allegations of discrimination raised in conjunction with otherwise appealable actions.
*Marchese v. Department of the Navy*, 32 M.S.P.R. 461, 464, *petition dismissed*, 35 M.S.P.R. 296
(1987) (Table). Here, the appellant is seeking Board review of OPM's final decision denying him
a discontinued service retirement annuity under 5 U.S.C. § 8336, and 5 U.S.C. § 8347(d)(1)
provides that "an administrative action or order affecting the rights or *123 interests of an
individual ... under this [subchapter III-Civil Service Retirement] may be appealed to the ...
Board...." *See Nebblett v. Office of Personnel Management*, 73 M.S.P.R. 342, 345 (1997),
*aff'd*, 152 F.3d 948 (Fed.Cir.1998) (Table). Thus, because the appellant has a right under 5 U.S.C.
chapter 83 to appeal OPM's final decision denying his application for a discontinued service
retirement annuity to the Board, the administrative judge erred by informing him that the Board
lacks jurisdiction to consider his discrimination claims and by not adjudicating his claims. IAF,
Tab 15 at 3 n. 1; ID at 3 n. 2. However, for the reasons explained below, we find that the
administrative judge's error did not prejudice the appellant's substantive rights. *See Panter v.*
*Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[3] ¶ 9 The Board has found that, as a matter of law, the retirement statutes allow for no
discretion on the part of OPM in determining an individual's entitlement to an annuity and in
following the annuity computation formulas enacted by Congress, and, in the absence of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

discretion, there can be no improper discrimination. *Hundley v. Office of Personnel Management,* 83 M.S.P.R. 632, ¶ 9 (1999); *Thompson v. Office of Personnel Management,* 81 M.S.P.R. 677, ¶¶ 6-8 (1999), *aff'd in part, vacated in part on other grounds, and remanded,*230 F.3d 1381 (Fed.Cir.2000) (Table). In *Thompson,* the Board found that OPM was constrained by law to follow the annuity computation formulas enacted by Congress, that it has no discretion to deviate from those formulas, and that, if it acted in compliance with the formulas established by statute, there was no act on OPM's part that could be shown to be discriminatory. *Thompson,* 81 M.S.P.R. 677, ¶¶ 6, 8. In this case, the applicable retirement statute is 5 U.S.C. § 8336(d), which sets forth the criteria for establishing an employee's entitlement to a discontinued service retirement annuity. IAF, Tab 8, Subtab 2, Tab 15 at 3-4; ID at 4. Thus, if OPM correctly applied the criteria set forth under 5 U.S.C. § 8336(d) in this appeal, then there can be no improper discrimination. *See Hundley,* 83 M.S.P.R. 632, ¶ 9; *Thompson,* 81 M.S.P.R. 677, ¶¶ 6, 8.

¶ 10 5 U.S.C. § 8336(d)(1) provides that an individual who "is separated from the service involuntarily, except by removal for cause on charges of misconduct or delinquency," and who is either 50 years old with 20 years of service or any age with 25 years of service, is entitled to an immediate retirement annuity. *Nebblett v. Office of Personnel Management,* 83 M.S.P.R. 524, ¶ 8 (1999), *aff'd,*237 F.3d 1353 (Fed.Cir.2001). The appellant asserts that, because the settlement agreement by which he separated from the USPS did not state that he voluntarily resigned, his resignation was "involuntary" and, therefore, he is entitled to a discontinued service retirement annuity under 5 U.S.C. § 8336(d)(1). IAF, Tab 1 at 1-2, Tab 23 at 5.

*124[4] ¶ 11 We find that, under the doctrine of collateral estoppel, the appellant is precluded from arguing that his resignation was involuntary for purposes of 5 U.S.C. § 8336(d)(1). Collateral estoppel is appropriate when: (1) The issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense,* 100 M.S.P.R. 146, ¶ 15 (2005); *see Taylor v. Office of Personnel Management,* 82 M.S.P.R. 237,¶¶ 10-13 (1999). Here, it is appropriate to apply collateral estoppel because the issue of whether the appellant voluntarily resigned from the USPS in 1994 under the settlement agreement reached in his removal appeal was actually litigated in his former appeals of that matter and was necessary to the resulting judgment in those appeals. *E.g., Jordan v. U.S. Postal Service,* 65 Fed.Appx. 308, 309 (Fed.Cir.2003) (NP) (affirming the Board's dismissal of the appellant's petition to nullify or rescind the 1994 settlement agreement reached in his removal appeal because the doctrine of res judicata applied to the Board's 1997 final decision with respect to the validity of the settlement agreement); *Jordan v. U.S. Postal Service,* 82 F.3d 433 (Fed.Cir.1996) (Table) (affirming the Board's dismissal of the appellant's removal appeal under the 1994 settlement agreement in which he resigned from the USPS). Thus, because the Board and the U.S. Court of Appeals for the Federal Circuit have previously upheld the validity of the settlement agreement reached in the appellant's prior removal appeal in which he voluntarily resigned from the USPS in 1994, the appellant is precluded from

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

108 M.S.P.R. 119
108 M.S.P.R. 119, 2008 MSPB 31
(Cite as: 108 M.S.P.R. 119)

Page 7

establishing that his resignation was involuntary.<sup>FN2</sup> For this reason, the administrative judge correctly found that the appellant is not entitled to a discontinued service retirement annuity under 5 U.S.C. § 8336(d)(1).

> FN2. Although the administrative judge erred by applying the doctrine of res judicata instead of the doctrine of collateral estoppel, she reached the correct result in finding that the appellant was precluded from establishing that his resignation from the USPS was involuntary. ID at 4-5.

[5] ¶ 12 The administrative judge also correctly found that the appellant did not establish entitlement to a discontinued service retirement annuity under 5 U.S.C. § 8336(d)(2), which provides that an individual who, after completing 25 years of service or after becoming 50 years of age and completing 20 years of service, establishes that, while serving in a geographic area designated by OPM, he was "separated from the service voluntarily" during a period in which OPM determines that the agency in which the employee is serving is *125 undergoing a major reorganization, a major reduction in force, or a major transfer of function; and a significant percent of the employees serving in such agency will be separated or subject to an immediate reduction in the rate of basic pay, is entitled to an annuity. 5 U.S.C. § 8336(d)(2); ID at 4. The appellant's 1994 resignation under the terms of the settlement agreement in his removal appeal does not support a right to an annuity under 5 U.S.C. § 8336(d)(2) because he was not separated under the conditions set forth in section 8336(d)(2). ID at 5.

¶ 13 Further, throughout the proceedings below the appellant asserted that he was eligible for an early-out retirement under 5 U.S.C. § 8336(d)(2) because the USPS had such a program in effect in 1992, but failed to properly inform him that he was eligible for the program, even though he had the required years of service. IAF, Tab 11 at 1-2, Tab 23 at 7-8. However, the fact that the USPS may have offered an early-out retirement to specific employees in 1992 is irrelevant to the appellant's current appeal because he has not established that an early-out retirement was offered to him at the time he separated from service in September 1994.<sup>FN3</sup> See 5 U.S.C. § 8336(d)(2); *McLaughlin v. Office of Personnel Management*, 62 M.S.P.R. 536, 553 (1994), aff'd, 47 F.3d 1181 (Fed.Cir.1995) (Table).

> FN3. The appellant submits on petition for review an August 7, 1992 letter from the USPS stating that, because of an agency-wide restructuring, it had received permission from OPM to offer certain groups of employees an "early voluntary retirement" ending at the close of business on October 3, 1992. PFRF, Tab 1 at 3-4, Ex. 1. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 MSPB 308, 3 M.S.P.R. 211, 214 (1980). Thus, we will not consider this document because the appellant, who asserts that he became aware of this letter in 2000, PFRF, Tab 1 at 4, has not shown that it is new and material evidence, see 5 C.F.R. § 1201.115; *Russo v. Veterans Administration*, 3 MSPB 427, 3 M.S.P.R. 345, 349 (1980).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

¶ 14 We find that OPM applied the correct laws to the appellant's application for a discontinued service retirement annuity, and the record establishes that he did not meet his burden to prove his entitlement to a discontinued service retirement annuity under the criteria set forth in 5 U.S.C. § 8336(d). Thus, the appellant cannot identify any act by OPM in which OPM could exercise discretion and, feasibly, engage in prohibited discrimination against him. *See Thompson,* 81 M.S.P.R. 677, ¶ 8. Because we include herein the requisite notice of mixed-case appeal rights, the appellant's substantive rights have not been affected by the error of the administrative judge below. *See Masiclat v. Office of Personnel Management,* 56 M.S.P.R. 204, 207 (1993); *Karapinka v. Department of Energy,* 6 MSPB 114, 6 M.S.P.R. 124, 127 (1981).

*\*126The administrative judge did not abuse her discretion by denying the appellant's request for an in-person evidentiary hearing and adjudicating the case on the written record because the appeal did not present any genuine issues of material fact and the appellant did not show good cause for his failure to appear for the scheduled telephonic hearing on three separate occasions.*

[6] ¶ 15 The appellant asserts on review that the administrative judge abused her discretion by denying his request for an in-person hearing, which he claims he "raised at the outset" of the proceedings below. PFRF, Tab 1 at 1. He asserts that his request for an in-person hearing was based on his "special needs," due to his age and physical condition, and that the administrative judge's denial of his request prevented him from having "full participation" in the proceedings below. *Id.* Because the appellant clearly stated his objection below to a telephonic hearing instead of an in-person hearing, the issue is preserved for our review. IAF, Tab 6 at 1, Tab 9 at 1, Tab 15 at 4-5, Tab 21 at 1-2, Tab 23 at 2-3; *see Hamilton v. U.S. Postal Service,* 71 M.S.P.R. 547, 551 (1996).

¶ 16 The record establishes that the administrative judge initially scheduled a telephonic hearing for July 10, 2007; the appellant objected to the telephonic format and requested an in-person hearing so that he could "have physical live witnesses present." IAF, Tab 6 at 1, Tab 9 at 1. Based on her finding that this appeal did not present any genuine issues of material fact, the administrative judge denied the appellant's request for witnesses other than himself and denied his request for an in-person hearing. IAF, Tab 15 at 4-5.

¶ 17 After the appellant failed to appear for the July 10, 2007 and the rescheduled July 19, 2007 telephonic hearing, the administrative judge issued an order instructing the appellant to show good cause for his absences on these dates and informing him that failure to respond to the order would result in adjudication of his appeal on the written record. IAF, Tabs 18, 20. In response, the appellant asserted that a severe thunderstorm in the Chicago metropolitan area interfered with his telephone service on July 19, 2007, but he did not address his failure to appear for the July 10, 2007 hearing. IAF, Tab 21 at 1-2. He then asserted for the first time that he had requested an in-person hearing because his age and hearing difficulties would make it difficult for him to participate in a telephonic hearing. *Id.* at 1-2, 4-5.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

108 M.S.P.R. 119                                                                Page 9
108 M.S.P.R. 119, 2008 MSPB 31
**(Cite as: 108 M.S.P.R. 119)**

¶ 18 The administrative judge issued an order that denied the appellant's renewed request for an in-person hearing upon finding that, although the appellant alleged that his age and hearing difficulties would affect his ability to comprehend discussions at a telephonic hearing, he did not exhibit these alleged special needs during the telephonic prehearing conference, and he has not explained how a **\*127** telephonic hearing would prejudice him. IAF, Tab 22 at 2-4. The telephonic hearing was rescheduled for August 8, 2007, and the administrative judge advised the appellant that, if he failed to appear for the telephonic hearing, she would adjudicate the appeal on the written record. *Id.* at 4. The appellant again objected to the denial of his request for an in-person hearing. IAF, Tab 23 at 2-3. The appellant then did not appear for the August 8, 2007 telephonic hearing, and the administrative judge issued the initial decision that same day based on the written record. ID at 2 n. 1; *see Callahan v. Department of the Navy,* 748 F.2d 1556, 1559 (Fed.Cir.1984) (an administrative judge may issue a decision based on the record alone where an appellant fails to appear at a hearing without good cause).

¶ 19 We note that, while the appellant's petition for review only specifically references his objection below to the telephonic hearing based on his "special needs," his petition also makes reference to his objection to the telephonic hearing at the "outset of proceedings" below. PFRF, Tab 1 at 1, 8. The record shows that his initial objection to the telephonic hearing was based on his request for an evidentiary hearing with in-person witness testimony. IAF, Tab 9 at 1. Thus, reading this pro se appellant's pleadings liberally, we will consider both of his objections from below to the telephonic hearing because it is not evident from his petition whether he is raising one or both of these objections. *See Melnick v. Department of Housing & Urban Development,* 42 M.S.P.R. 93, 97 (1989) (pro se pleadings are to be liberally construed), *aff'd,* 899 F.2d 1228 (Fed.Cir.1990) (Table).

¶ 20 An appellant has a right to a hearing on the merits in an appeal that is within the Board's jurisdiction. 5 U.S.C. § 7701(a)(1); 5 C.F.R. § 1201.24(d). Whether an administrative judge must hold an evidentiary hearing or may hold a hearing consisting of the presentation of legal argument depends on whether there are genuine issues of material fact. *Jezouit v. Office of Personnel Management,* 97 M.S.P.R. 48, ¶ 13 (2004), *aff'd,* 121 Fed.Appx. 865 (Fed.Cir.2005); *Bommer v. Department of the Navy,* 34 M.S.P.R. 543, 551-52 (1987); *see, e.g., Carew v. Office of Personnel Management,* 878 F.2d 366, 367-68 (Fed.Cir.1989) (holding that an evidentiary hearing was not required where a retirement appeal presented solely questions of law; *Redd v. U.S. Postal Service,* 101 M.S.P.R. 182, ¶ 13 (2006) (holding that an evidentiary hearing on the issue of discrimination need not be conducted when the discrimination issue does not present any genuine dispute of material fact). The Board has held that, in appeals where there are no genuine issues of material fact and the purpose of the hearing is merely to allow the appellant the opportunity to present oral argument, the administrative judge may hold a telephonic hearing on the legal issues involved in the appeal. *Jezouit,* 97 M.S.P.R. 48, ¶ 13 (in a retirement appeal involving purely questions of law, a **\*128** telephonic status conference conducted by the administrative judge would have been sufficient to satisfy the hearing requirement if the appellant received advance notice and was offered the opportunity to present oral argument).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

108 M.S.P.R. 119                                                    Page 10
108 M.S.P.R. 119, 2008 MSPB 31
**(Cite as: 108 M.S.P.R. 119)**

¶ 21 Here, because the appeal did not present any genuine issues of material fact, the administrative judge did not abuse her discretion by denying the appellant's request for an in-person evidentiary hearing and instead scheduling a telephonic hearing to allow the appellant the opportunity to present oral argument on the legal issues involved in his appeal. IAF, Tab 9 at 1, Tab 15 at 4-5; *see Jezouit*, 97 M.S.P.R. 48, ¶ 13. Specifically, the appellant was not entitled to an evidentiary hearing on his entitlement to a discontinued service retirement annuity because he was precluded by the doctrine of collateral estoppel from establishing that his separation was involuntary under 5 U.S.C. § 8336(d)(1) and because there were no genuine issues of material fact with respect to whether he was voluntarily separated under the conditions set forth in 5 U.S.C. § 8336(d)(2). ID at 5. The appellant was also not entitled to an evidentiary hearing on his discrimination claim because his failure to show that OPM erred in applying the criteria for a discontinued service retirement annuity as set forth in 5 U.S.C. § 8336(d) precluded him from establishing that OPM discriminated against him. *See Redd*, 101 M.S.P.R. 182, ¶ 13; *Thompson*, 81 M.S.P.R. 677, ¶¶ 6, 8.

¶ 22 Additionally, although the appellant asserts on review and claimed at one point during proceedings below that his request for an in-person hearing was based on his alleged hearing difficulties, he did not assert below or on review that his failure to appear for any of the three scheduled telephonic hearings was somehow due to these alleged hearing difficulties. IAF, Tab 21 at 1, Tab 22 at 2-4, Tab 23; PFRF, Tab 1. Therefore, we further find that the administrative judge did not abuse her discretion by deciding the appeal on the written record because the appellant failed to appear, without good cause, for the telephonic hearing on three separate occasions. *See Callahan*, 748 F.2d at 1559; ID at 2 n. 1. Further, even if the appellant had established on review that his alleged hearing difficulties prevented him from appearing at the scheduled telephonic hearings, he has not shown that his failure to receive a hearing in which he was limited to presenting oral argument on the legal issues in his appeal would have affected the outcome of his appeal. *See Jezouit*, 97 M.S.P.R. 48, ¶ 13; *Panter*, 22 M.S.P.R. at 282.

¶ 23 Accordingly, we affirm OPM's final decision denying the appellant's request for a discontinued service retirement annuity.

### *129ORDER

¶ 24 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) ( 5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

*Discrimination Claims: Administrative Review*

You may request the Equal Employment Opportunity Commission (EEOC) to review this final

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

decision on your discrimination claims. *See* Title 5 of the United States Codes, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). You must send your request to EEOC at the following address:

Equal Employment Opportunity CommissionOffice of Federal OperationsP.O. Box 19848Washington, DC 20036

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

*Discrimination and Other Claims: Judicial Action*

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See*5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See*42 U.S.C. § 2000e-5(f); 29 U.S.C. § 794a.

*Other Claims: Judicial Review*

If you do not want to request review of this final decision concerning your discrimination claims, but you do want to request review of the *130 Board's decision without regard to your discrimination claims, you may request the United States Court of Appeals for the Federal Circuit to review this final decision on the other issues in your appeal. You must submit your request to the court at the following address:

United States Court of Appealsfor the Federal Circuit717 Madison Place, N.W.Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the court no later than 60 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management,* 931 F.2d 1544 (Fed.Cir.1991).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

108 M.S.P.R. 119                                                                              Page 12
108 M.S.P.R. 119, 2008 MSPB 31
**(Cite as: 108 M.S.P.R. 119)**


If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http:// www. mspb. gov. Additional information is available at the court's website, http:// fedcir. gov/ contents. html.Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's *Rules of Practice,* and Forms *5, 6,* and *11.*

FOR THE BOARD:
William D. Spencer
Washington, D.C.


MSPB,2008.
Jordan v. Office of Personnel Management
108 M.S.P.R. 119, 2008 MSPB 31

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.