MHN

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

FILED
JUL 2 8 2008
7-28-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FLOYD JORDAN,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
     v.                                          )
                                                 )
                                                 )   No. 08 C 1476
                                                 )
PATRICK JENNINGS, Agency Representative,         )
Office of Personnel Management,                  )   Honorable Judge Kendall
 and LINDA SPRINGER,                             )
Director, Office of Personnel Management         )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

The plaintiff Floyd Jordan hereby states the following:

1. Floyd Jordan is a senior citizen seeking his civil service retirement benefits based on his government service time, age, and military credit. He was eligible for the "Early Optional Retirement" in 1992 but his military service was not counted to meet the balance of service time necessary for an early voluntary retirement. He would have qualified not only in 1992 if he had been properly credited but also again at age 55 and at age 60, not just at 62.

2. Floyd Jordan received permission from a three judge panel to file this action in this court. The following is a quote from that decision, "you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. See 5 U.S.C. 7703(b) (2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you

have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court – appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. See 42 U.S.C. 2000e5 (f); 29 U.S.C. 794a."

3. The law is prohibitive to any kind of discrimination or act of reprisal against an applicant or employee because of his of her application, membership or service in the uniformed services. The failure of the agency to have properly applied credit for military service in retirement calculations that they had previously credited Floyd Jordan and to avoid any reasonable discussion of the facts is not to act in good faith but rather is a violation of law. The Postal Service had previously verified Floyd Jordan's military service so in fact they had knowledge or should have known of military credit.

4. Floyd Jordan is requesting a court-appointed lawyer as his complaint is an action involving issues of discriminatory practices and is not an appeal of a MSPB decision.

5. Enclosed is a copy of a letter regarding "Retirement Special Option, Early Out Eligible", (Exhibit #1) which was sent to eligible employees of the Postal Service in August 1992. As indicated in this letter, the eligible employees for the Early Out Retirement were employees who were age 50 or older with at least 20 years of service or any age with at least 25 years of service. At the time of this letter's dissemination, Floyd Jordan had 24 years of service with the United States Postal Service plus six years of military service

which equaled five additional years of service, thus making Floyd Jordan's service as a United States Postal employee in August 1992, a total of 29 years. As such Floyd Jordan was eligible at that time for the "Early Out Retirement".

6. Floyd Jordan never received nor was otherwise notified of this retirement option. He is due retroactively his retirement benefits. OPM has issued two reconsideration letters on this matter, one dated April 4, 2006 and the other March 21, 2007.

7. The April 4, 2006 letter was partially litigated before the MSPB. The letter stated the appellant had 25 years of credible service and was 45 years of age at the time of separation. OPM would later rescind their letter and the MSPB would not hear the matter stating that they lacked authority as a result of the action of OPM. Under the Civil Service Retirement System guidelines, discontinued service with 25 years does not require an age minimum, and as such Floyd Jordan should have been awarded his retirement benefits.

8. Floyd Jordan received the March 21, 2007 decision letter from Senator Obama's office. This letter was issued after his involvement. On April 20, 2007, the MSPB, in a letter to his office, advised him that a mixed case appeal could only exist if an appellant raises a discrimination claim in an appeal before the Board, that is timely filed and over which the Board has jurisdiction. Floyd Jordan was denied these rights in that his appeal involved discriminatory practices and thus required mixed case appeal rights.

9. The April 4, 2006 reconsideration decision from OPM was the action that was partially litigated of which OPM would later rescind that decision. The action of OPM by this decision letter was an independent one with a full understanding of the issues of his

complaint. The second decision letter of OPM was never requested by Floyd Jordan and it is believed that this letter was generated by OPM to conceal the first decision letter. The action of OPM regarding the April 4, 2006 letter can only be reasonably construed as discriminatory.

10. Under the doctrine of res judicata, a valid final judgment on the merit of an action bars a second action involving the same parties or their privilege based on the same cause of action. Res judicata precludes parties from litigating again issues that were or could have been raised in prior action.

11. OPM by law is prohibited from litigating again the same issues a second time in the March 21, 2007 letter. Any issues could and should have been raised in the prior proceeding. As stated earlier, the 2006 decision Letter would later be rescinded by the agency without explanation. The 2007 decision letter was issued without explanation and only after the intervention of a third party.

12. As stated above there are two reconsideration decisions on the issue with the first having been rescinded by OPM. The agency has failed to engage in any type of discourse on the matter only giving the second reconsideration decision after senatorial intervention. The agency has been closed to any type of explanation or dialogue. The plaintiff now must turn to this court to seek relief from discrimination.

13. Therefore the plaintiff Floyd Jordan prays that the court denies the motion of the defendant for dismissal and hears this matter.

Attachments (Three Exhibits)

*Floyd Jordan*

Floyd Jordan
8037 S. Champlain Ave.
Chicago, Illinois 60619



MANAGER HUMAN RESOURCES
6301 W 73RD ST
SOUTH SUBURBAN IL  60499-9998

August 7, 1992

SUBJECT: Retirement—Special Option, Early Out Eligibles

IMPORTANT: The information provided in this notice requires your immediate attention.

The Postmaster General recently announced the restructuring and downsizing of overhead functions at Headquarters, regional offices, field divisions, and management sectional centers. As a result of the restructuring, and in order to be as efficient as possible to keep our rates stable, it will be necessary to substantially reduce the number of paid employees in the Postal Service. In order to facilitate that process, the Postal Service has received Office of Personnel Management approval to offer early voluntary retirement to certain groups of employees.

According to payroll records, you are in an approved group and meet the age and service requirements to be eligible for this type of early voluntary retirement (i.e., age 50 or older with at least 20 years of service or any age with at least 25 years of service).

To take advantage of this early out option, your retirement must be effective during the window of opportunity approved by the Office of Personnel Management which commences August 17, 1992, and ends at the close of business October 3, 1992.

The purpose of this notice and the information enclosed is to inform you of this one-time early retirement option, to provide information to assist you in making your decision, and to advise you that the Postal Service will provide a lump sum payment equal to 6 months pay to employees who take advantage of this early out opportunity during the August 17 - October 3 window.

Enclosed is an estimate of the annuity you will receive if you retire on October 1, 1992. The annuity calculation uses age and creditable service based on your date of birth and retirement computation date. If you are covered by the Civil Service Retirement System (CSRS) and under age 55, your annuity reflects a 2 percent reduction for each year under age 55. If you are covered by the Federal Employees Retirement System (FERS) with a CSRS component and under age 55, the CSRS portion of your annuity is also reduced. There is no reduction to the FERS portion of the annuity. Also enclosed is a summary of the basic benefits available to you in retirement. More detailed brochures are available through your personnel office.

Please review your annuity estimate and the benefits summary so you will be able to make an informed decision. Any questions you may have will be answered by your personnel office. Note that the annuity estimate assumes that the retirement computation date and date of birth are correct and that you have contributions in the retirement fund to cover the total amount of service on the annuity printout. This information must be verified by your personnel office before processing a retirement application. Therefore, if you are considering taking advantage of the early out and question the accuracy of any of this information, contact your personnel office as soon as possible.

Your personnel office can provide you additional information, a retirement application, and counseling concerning your options under the retirement system. Please have this notice and enclosures with you when contacting your personnel office. Remember that in order to be eligible for the early out option, as well as the 6-month payment, your completed retirement application must be submitted to your personnel office no later than the close of business October 3, 1992.




# United States
# Office of
# Personnel Management   Washington, DC 20415-0001

July 18, 2006

Martin W. Baumgaertner  
Chief Administrative Judge  
Merit Systems Protection Board  
230 South Dearborn Street, Room 3100  
Chicago, IL 60604-1669

Appeal of  
Floyd G. Jordan v. OPM  
CH-0831-06-0522-I-1  
E 200616424

Dear Chief Judge Baumgaertner:

Based on further review, we have decided to rescind our April 4, 2006, final decision. Therefore, we request that the appeal be dismissed. After dismissal of the appeal, we will remand this case for a new reconsideration decision including appeal rights, if necessary.

To facilitate dismissal of the appeal, OPM waives prohibition against ex parte communication.

Sincerely,

Gregory Stewart  
Agency Representative  
Disability, Reconsideration and Appeals Group

Cc: Floyd G. Jordan  
    8037 S. Champlain Avenue  
    Chicago, IL 66019

- 2 -

6. Q. I am a part-time employee. How will my lump sum payment be determined?

   A. As a part-time employee, your 6 months' base pay will be equal to 50 percent of your earnings for the last 52 weeks.

## ELIGIBILITY

7. Q. Who is eligible for Early Voluntary Retirement?

   A. CSRS and FERS employees who meet the following age and service requirements are eligible for an Early Voluntary Retirement:

   | Age | Creditable Service* |
   |---|---|
   | At least 50 | With at least 20 years |
   | Any age | With at least 25 years |

   *Service must include at least 5 years of creditable civilian service.

   Employees with a minimum of 5 years of creditable civilian service may use creditable <u>military service</u> to meet the balance of service necessary for an Early Voluntary Retirement. CSRS employees must also have been employed under CSRS for at least 1 year out of the last 2.

8. Q. Are all employees who meet the above requirements eligible, or are certain groups of employees excluded from this special retirement option?

   A. The following groups of employees are excluded from the special retirement option, including the 6-month lump sum payment:

   - Rural Carriers (Des/Act 71-0)
   - Processing Equipment Maintenance Employees (Occupation Codes 0856-01xx and 5342-01xx)
   - Postal Police Officers (Rate Schedule Code Y)
   - Postal Inspectors (Retirement Plan Codes 3, 6, 9, and B)
   - Security Supervisors (Occupation Codes 2335-6008, 2335-6009, 2335-7008, and 2335-7009)

## CERTIFICATE OF SERVICE

I, Floyd Jordan, plaintiff does hereby certify that the foregoing defendant Patrick Fitzgerald was properly served through and by Kurt Lindland on July 28, 2008 by regular mail.

Kurt Lindland
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604

*Floyd Jordan*
Floyd Jordan