UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 C 1476 |
| PATRICK JENNINGS, Agency | ) | |
| Representative, Office of Personnel | ) | |
| Management, in his official capacity, and | ) | Judge Kendall |
| LINDA SPRINGER, Director, Office of | ) | |
| Personnel Management, in her official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

### Introduction

Plaintiff Floyd Jordan responds by merely pleading his discrimination claim without alleging

the elements he needs to prove his claim, much less pleading facts that could lead to an inference of

discrimination.  He claims his complaint is not an MSPB appeal yet that is exactly the nature of his

claim.  Jordan is attempting to do what courts have cautioned against: allowing an MSPB appellant

to circumvent the jurisdictional bar on district courts from hearing such appeals by merely pleading

discrimination in an effort to transform an otherwise straight-forward MSPB case into a "mixed

case."  The court should dismiss the complaint or transfer it to the Federal Circuit which is the only

court that has jurisdiction to hear MSPB appeals.

**Argument**

### 1.  No Jurisdiction Over MSPB Appeal

While Jordan seems to concede that the court lacks jurisdiction over MSPB appeals, he argues that his complaint "is not an appeal of a MSPB decision" and that it is "an action involving discriminatory practices."  Pl.'s Resp. at ¶ 4.  His response to this motion and the complaint belie that argument.

For example, Jordan argues that the Postal Service violated the law by not applying his military service when it calculated his years in the federal government.  *Id*. at ¶ 3.  He references the retirement announcement for "early out" and even attaches the announcement to his response, arguing that the years in service were improperly calculated.  *Id*. at ¶ 5.  He further argues that the Civil Service Retirement System guidelines were not followed by OPM and that his years were improperly calculated.  *Id*. at ¶ 7.  The complaint also alleges that OPM erred in calculating his years of service.  Complaint, at ¶ ¶ 18, 22.  Jordan is clearly appealing the MSPB decision upholding OPM's calculation of his years in federal service.

### 2.  Not A Mixed Case

To determine whether the court has jurisdiction over Jordan's complaint as a "mixed case," "requires review of [Jordan's] allegations of discrimination."  *Hill v. Department of Air Force*, 796 F.2d 1469, 1471 (Fed. Cir.1986).  If Jordan "alleged no set of facts which, if proven, would comprise even a minimum *prima facie* case of age [or Title VII] discrimination," then this is not a "mixed case" and jurisdiction lies with the Federal Circuit.  *Id.*  "The 'mere mention of discrimination' should not suffice to vest jurisdiction with the district court.'" *Randle v. Bentsen*, 19 F.3d 371, 376 (7th Cir. 1994) *citing Hill*, 796 F.2d at 1471.

Aside from Jordan's conclusory allegations that his complaint involves "discriminatory practices," he alleges none of the elements necessary to prove a discrimination claim. For example, a *prima facie* Title VII case requires that: (1) The person must belong to a protected class; (2) the person must demonstrate satisfactory job performance; (3) the person must suffer an adverse employment action; and (4) the employer must have treated similarly situated employees outside his classification more favorably. *Hughes v. Brown*, 20 F.3d 745, 746 (7th Cir. 1994), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Weiss v. Coca-Cola Bottling Co.*, 990 F.2d 333, 336 (7th Cir. 1993). A similar showing under the ADEA requires proof that Jordan is: (1) over age forty, (2) was satisfactorily performing his job, (3) suffered an adverse employment action, and (4) was treated worse than similarly situated employees who were at least 10 years younger. *Burks v. Wisconsin Dept. of Transp.,* 464 F.3d 744, 750-51 (7th Cir. 2006).

Here, Jordan fails to allege any of the required elements or allege any facts that relate to those elements. For example, he fails to identify which protected class (*e.g.* race, religion, or gender) he is claiming was the basis for discrimination under Title VII. He provides no facts or allegations related to similarly situated employees who were treated better by, for example, alleging for his age case that a younger person was given credit for military service when computing retirement. *See Hill,* 796 F.2d at 143. Similarly, if Jordan identified which Title VII protected class he was claiming was the basis of discrimination, which he did not, he failed to allege that someone not of that protected class was treated better. In fact, Jordan never even alleges who supposedly discriminated against him.

At best, the court can infer that the alleged adverse action is the calculation of his years in federal service which was calculated by OPM, not Jordan's former employer, the Postal Service.

But that is not enough. *Hill,* 796 F.2d at 1471. Simply alleging that the actions that were taken "are wrong and pretextual" and that "plaintiff was not treated fairly" does not meet the "minimal *prima facie* case" standard that courts apply in deciding whether a case is a "mixed case" for purposes of determining jurisdiction. Complaint, ¶ ¶ 21, 22. *Hill,* 796 F.2d at 1471.

In short, Jordan's complaint has nothing to do with discrimination except that it contains the word "discrimination" and cites the discrimination laws as a basis for jurisdiction. He must do more than merely plead discrimination and hope the court infers the rest of his claim to make this a "mixed case." *Id.* The court should therefore dismiss his complaint with leave to re-file it in the Federal Circuit where it belongs, or transfer the case to that court.

### Conclusion

For the reasons set forth above, the court should dismiss the complaint.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois  60604
    (312) 353-4163
    kurt.lindland@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08 C 1476 |
| PATRICK JENNINGS, Agency | ) | |
| Representative, Office of Personnel | ) | |
| Management, in his official capacity, and | ) | Judge Kendall |
| LINDA SPRINGER, Director, Office of | ) | |
| Personnel Management, in her official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**REPLY IN SUPPORT OF MOTION TO DISMISS**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on August 4, 2008, to the following individuals:

**Floyd Jordan
8037 S. Champlain Avenue
Chicago, Illinois 60619**

s/ Kurt N. Lindland
KURT N. LINDLAND
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163
kurt.lindland@usdoj.gov